# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE POLITE, JR. ET AL.,  :  <br>    **Plaintiffs**                           : <br>                                          : <br>         **v.**                                       : <br>                                         : <br>EDWARD G. RENDELL, ET AL.,   : <br>    **Defendants.**                   : | **CIVIL ACTION** <br><br> **NO. 08-CV-5329** |

## MEMORANDUM AND ORDER

**Tucker, J.**                                                                                                                              **March \_\_\_\_ ,2010**

Presently before this Court is Defendants' Motion to Dismiss (Doc. 10) and Plaintiff Anthony Dickerson's Response in Opposition thereto (Doc. 11)[1]. For the reasons set forth below, the Court grants Defendants' Motion.

## BACKGROUND

Though Plaintiff's Complaint primarily contains legal argument, the Court has managed to extricate the following facts and construe them in the light most favorable to him.[2] At all times discussed *infra*, Plaintiff has been an inmate in the custody of the Pennsylvania State Correctional Institution at Graterford. On or about September 29, 2008, a temporary parole moratorium was instituted in the Commonwealth of Pennsylvania concerning state inmates. The parole moratorium was lifted for non-violent offenders on October 20, 2008 and for violent offenders on December 1, 2008. At some point, though it is not clear from Plaintiff's complaint, Plaintiff filed a grievance

---

[1] Plaintiff Dickerson filed the Complaint with four other individuals who have since been terminated as Plaintiffs.

[2] Federal courts "must construe pro se complaints liberally, and such complaints are held to less stringent standards than those drafted by attorneys." Bush v. City of Philadelphia, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005). See also Perlberger v. Caplan & Luber, LLP, 152 F. Supp. 2d 650, 653 (E.D. Pa. 2001) ("On a motion to dismiss, the district court must read a pro se plaintiff's allegations liberally and apply a less stringent standard to the pleadings or a pro se plaintiff than to a Complaint drafted by counsel"), aff'd mem. 52 F. App'x 188 (3d Cir. 2002).

against Defendant Warden DiGuglielmo for complying with the parole moratorium.

On June 8, 2009, Plaintiff filed a Complaint (Doc. 8) in federal court against Defendants alleging that the temporary suspension of parole injured him and violated his rights under 42 U.S.C. § 1983 ("Section 1983"). Plaintiff's Complaint contains the following claims: (1) "Parole suspension, [sic] not recognized at common law;" (2) "Parole suspension, [sic] abolishes indeterminate sentencing;" (3) "Parole suspension, [sic] does violence to the Pennsylvania Constitution;" (4) "Parole suspension [sic] violates Article 3 Section 6 of the Pennsylvania Constitution;" (5) "Parole suspension, [sic] violates ex post facto laws;" and (6) "Parole suspension, [sic] removes trial courts [sic] discretion at sentencing." Plaintiff also seeks damages under various tort theories including, inter alia, negligence, false imprisonment, and invasion of privacy.

On July 27, 2009, Defendants filed a Motion to Dismiss Plaintiff's Complaint (Doc. 10) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed a Response in Opposition thereto on August 11, 2009 (Doc. 11). The Court now addresses the pending motion.

## LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(1)

Under Rule 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction may be raised at any time. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004). See also Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*.") Rule 12(b)(1) challenges are either facial or factual attacks. Kestelboym v. Chertoff, 538 F. Supp. 2d 813, 815 (D.N.J. 2008). "A facial attack questions the sufficiency of the pleading," and "[i]n reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id. However, "when a court reviews a complaint under a factual attack, the allegations have

no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Id. See also Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

In evaluating a Rule 12(b)(l) motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891. See also Carpet Group Int'l, 227 F.3d at 69. "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891. The plaintiff has the burden of proving that jurisdiction does in fact exist. Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) (quoting Mortensen, 549 F.2d at 891). In addition, the plaintiff must demonstrate that a controversy existed when the suit was filed and that the controversy continues to exist throughout the litigation. See Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).

Generally, the trial court should not allow "its consideration of jurisdiction to spill over into a determination of the merits of the case." Kestelboym, 538 F. Supp. 2d at 815 (quoting Dugan v. Coastal Indus., Inc., 96 F. Supp. 2d 481, 483 (E.D. Pa. 2000)). However, a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) based on the legal insufficiency of a claim "is proper. . . when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)). To be wholly insubstantial and frivolous, a claim must be "so . . . implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy." Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974).

### B. Motion to Dismiss under Rule 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), the Court must determine whether the plaintiff may be entitled to relief under any reasonable reading of the pleadings. Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993). The question is not whether a plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support their claims. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Where the plaintiff is *pro se*, the court must construe the complaint liberally. Bush, 367 F. Supp. 2d at 725. This more liberal standard of construction means that a *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Haines v. Kerner, 404 U.S. 519, 520-21(1972). The complaint will be deemed to allege sufficient facts if it is adequate to "put the proper defendants on notice of the essential elements of plaintiffs' cause of action." District Council 47, AFSCME v. Bradley, 795 F.2d 310, 313 (3d Cir.1986). Unlike a motion to dismiss under Rule 12(b)(1) where the plaintiff always has the burden of persuasion, when the matter involves a motion to dismiss under Rule 12(b)(6), the moving party has the burden of persuasion. See Kehr Packages, Inc., 926 F.2d at 1409.

### DISCUSSION

Defendants now move this Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for the following reasons: (1) this Court lacks subject matter jurisdiction because Plaintiff has not asserted any federal claim; (2) the doctrine of sovereign immunity, without exception, bars Plaintiff's state law claims; (3) to the extent Plaintiff sues Defendants in their official capacities for damages under Section 1983, the Eleventh Amendment bars his claims; (4) the rule of Heck v. Humphrey bars Plaintiff's claims; and (5) Plaintiff lacks standing and his claim is not ripe for review. The Court will grant Defendants' Motion to Dismiss

on two grounds: (1) Plaintiff's sole federal claim fails a matter of law; and (2) the Court lacks subject matter jurisdiction over Plaintiff's remaining claims.³ As such, it is unnecessary to address the other arguments raised in Defendants' motion.

### A. Parties' Arguments

Defendants argue that Plaintiff's Complaint fails to assert facts suggesting either diversity jurisdiction or federal question jurisdiction. Because federal subject matter jurisdiction is lacking, Defendants argue that Plaintiff's Complaint must be dismissed as a matter of law. To support this contention, Defendants note that the facts alleged in Plaintiff's Complaint clearly indicate that the case does not involve diversity of citizenship. Plaintiff resides in Graterford, Pennsylvania, and Defendants are the Governor of Pennsylvania and the respective heads of the Pennsylvania Board of Probation and Parole, the Pennsylvania Department of Corrections, and Graterford Prison. Defendants further argue that the case does not involve federal question jurisdiction because Plaintiff's Complaint contains no jurisdictional statement and no federal constitutional or federal statutory claims. To the contrary, Defendants argue, Plaintiff asserts only state law tort claims and claims under the Pennsylvania Constitution. Defendants claim that merely labeling a complaint as a Section 1983 action is insufficient to establish the jurisdiction of the federal courts.

---

³ Defendants' motion requires the Court to construe two grounds for dismissal found in the Federal Rules of Civil Procedure: Rule 12(b)(1), which gives the Court the authority to dismiss a claim for lack of subject matter jurisdiction; and Rule 12(b)(6), which gives the Court the authority to dismiss a claim when, accepting the pleaded allegations as true, the plaintiff is not entitled to relief. As aforementioned, the legal standards governing these two motions are different. On a motion to dismiss under Rule 12(b)(6) the plaintiff is entitled to have all reasonable inferences drawn in his favor and the burden of persuasion is on the moving party. When jurisdiction is challenged under Rule 12(b)(1), however, the burden is on the plaintiff to prove that jurisdiction exists. The standard for Rule 12(b)(6), thus, is less stringent on the plaintiff than the standard for Rule 12(b)(1). See Kehr Packages, Inc., 926 F.2d at 1408-09. In fact, the Third Circuit has held that"[a] plaintiff may be prejudiced if what is, in essence, a Rule 12(b)(6) challenge to the complaint is treated as a Rule 12(b)(1) motion." Id. at 1409. The Third Circuit also has a policy of applying less stringent pleading standards to pro se litigants. Perlberger, 152 F. Supp. 2d at 653. The Court has, therefore, decided to apply a two-step approach to evaluating Defendants' motion to dismiss to give the most liberal treatment possible to pro se Plaintiff's Complaint. First, the Court will apply Rule 12(b)(6) analysis to evaluate Plaintiff's federal claim. Then, the Court will apply Rule 12(b)(1) analysis to evaluate Plaintiff's remaining state law claims.

Plaintiff contends that the federal court does have jurisdiction to hear the case. Plaintiff states that "Defendants must have deprived Plaintiff of a right, privilege or immunity secured by the Constitution." Plaintiff then argues that less stringent standards apply to his Complaint as he is representing himself pro se. Finally, relying on Article III of the United States Constitution[4], Plaintiff reiterates that he "presented Federal Questions [sic] as Constitutional Questions [sic] which grants [sic] the Court jurisdiction. [sic] Which are applicable to the states through Amendment XIV, thus giving the Court jurisdiction."

**B. Analysis**

Federal district courts have subject matter jurisdiction over cases that meet the standards for diversity jurisdiction and cases that raise federal questions. See 28 U.S.C. §§ 1331-1332. A federal district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). A federal district court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). When neither standard applies and a "federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 502 (2006).

It is apparent from Plaintiff's Complaint that no basis for diversity jurisdiction exists because all parties are citizens of Pennsylvania. Thus, the Court may only retain jurisdiction over Plaintiff's claim if his Complaint asserts a federal question. Since Plaintiff's Complaint alleges a cause of action under Section 1983, at first glance, it appears as though the Court has subject matter

---

[4] Specifically, Plaintiff states that "Article III provides in part, 'The jurisdiction of the federal judiciary extends to all cases of law and equity arising under the Constitution [sic] federal laws and treaties and to cases involving the United States, cases between citizens of difference states, and other cases where a national venue was considered important.'"

jurisdiction to hear the claim.

Section 1983 is not a source of substantive rights; rather, it is "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." City of Monterey v. Del Monte Dunes, 526 U.S. 687, 749 n.9 (1999). To prevail in an action under Section 1983, a plaintiff must prove: (1) a violation of a right secured by the Constitution and the laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is indisputable that Plaintiff's Complaint, even when read in the light most favorable to him, fails to allege any facts sufficient to prove that he has suffered a violation of a right secured by the Constitution or laws of the United States.

Plaintiff alleges that Defendants somehow deprived him of constitutional rights guaranteed under Section 1983 by implementing and enforcing a temporary suspension of parole. This argument is completely without merit as the United States Supreme Court has consistently held that prisoners have no federal constitutional right to parole. See e.g., Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 422 U.S. 1 (1979). See also Jarvis El v. Pandolfo, 701 F. Supp. 98, 100 (E.D. Pa. 1998) (citing Barlip v. Commw. Prob. & Parole Bd., 405 A.2d 1338, 1340 (Pa. Commw. 1979)) ("As a prisoner, plaintiff enjoys no constitutional or inherent right to be conditionally released before the expiration of a valid sentence."). Because the law dictates that Plaintiff has no right to parole, Plaintiff cannot prevail in an action under Section 1983 under the facts alleged. Moreover, it is apposite that Plaintiff cannot allege *any* set of facts which would entitle him to relief under Section 1983 for the temporary parole suspension. Accordingly, Plaintiff's Section 1983 claim must be dismissed under Rule 12(b)(6) for failure to state a claim.

Without the Section 1983 claim, Plaintiff's Complaint only includes state law claims based

on various tort theories such as negligence, false imprisonment, and invasion of privacy. Under 28 U.S.C. § 1367 ("Section 1367"), a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Stated otherwise, a prerequisite to the federal court's exercise of pendent jurisdiction over a plaintiff's state law claims is that at least one claim based on the court's original diversity or federal question jurisdiction is before the court. See 28 U.S.C. § 1367. When "the district court has dismissed all claims over which it has original jurisdiction," the district court has the express authority to decline to exercise supplemental jurisdiction over any related state law claims. 28 U.S.C. § 1367(c)(3). See also Growth Horizons, Inc. v. Del. County, Pa., 983 F.2d 1277, 1285 (3d Cir.1993); Greenwood Partners, L.P. v. Cimnet, Inc., No. 201CV06624LDD, 2003 WL 22238981, at *4 (E.D. Pa. Sept. 2003) ("a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction").

Here, Plaintiff's Section 1983 claim was the sole basis of the Court's original jurisdiction. For reasons already discussed, the Section 1983 claim fails as a matter of law. As a result, the Court is well within its right to refuse to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Those claims, therefore, are dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is granted. An appropriate Order follows.